

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-72,253-02

**EX PARTE CHARLES DWAYNE FAULK, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1476053-A IN THE 185TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to 15 years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On Nov. 25, 2019, the State moved for an order designating issues. The trial court took no action on the motion. The district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, Applicant's actual innocence and ineffective-assistance claims both allege facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. We remand this

application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

The trial court shall order trial counsel to respond to Applicant's ineffective-assistance claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: February 26, 2020
Do not publish